**Opinion filed July 2, 2009**



In The

# Eleventh Court of Appeals

No. 11-09-00023-CR

CELIUS INMAN THOMAS, III, Appellant

V.

STATE OF TEXAS, Appellee

**On Appeal from the 30th District Court**

**Wichita County, Texas**

**Trial Court Cause No. 47,100-A**

## M E M O R A N D U M   O P I N I O N

The jury convicted Celius Inman Thomas, III of robbery, and the trial court assessed his punishment at confinement for four years. We dismiss.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel presents four potential issues.

In the first two potential issues, counsel contends that the evidence may be both legally and factually insufficient to support the verdict. As counsel notes, two witnesses testified that appellant had a bulge in the front of his shirt as he left the store. When appellant was confronted, he fled from the store. Both witnesses pursued appellant, one on foot and one in a motor vehicle. The one who gave chase in the vehicle reached appellant first and asked him to return the merchandise. Appellant responded by hitting the witness in the head and mouth with the merchandise. Appellant denied ever entering the store. Counsel correctly concludes that the evidence is both legally and factually sufficient. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). The first two potential issues are overruled.

In the third potential issue, counsel examines the trial court's ruling on the State's objection to a hypothetical question asked by defense counsel during the cross-examination of the arresting police officer. Defense counsel questioned the officer concerning what actions could constitute an assault, and the trial court sustained the State's objection that the question contained a misstatement of the law. Counsel correctly concludes both that the question was improper and that error, if any, would be harmless. The third potential issue is overruled.

In the final potential issue, counsel examines whether appellant was denied the effective assistance of trial counsel because an insanity defense was not pursued. As noted, trial counsel filed a motion for examination regarding incompetency. The motion was granted, an examination was conducted, and the report was admitted into evidence. In the report, the examiner concluded that appellant's "reality perception" was "generally within normal limits," that the test results were "indicative of residual signs of thought disorder" but appellant was "not presently psychotic," that appellant appeared to have a schizophrenic condition that was "largely in remission at this time," and that appellant appeared to have "exaggerated symptoms of mental disorders" during the examination "suggestive of malingering." As counsel concludes, the record does not support a claim of ineffective assistance of counsel. *Wiggins v. Smith*, 539 U.S. 510 (2003); *Strickland v. Washington*, 466 U.S. 668 (1984); *Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005); *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999). The fourth potential issue is overruled.

Counsel has provided appellant with a copy of the brief and advised appellant of his right to review the record and file a response to counsel's brief. A response has not been filed. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review by the Texas Court of Criminal Appeals. *Ex parte Owens*, 206 S.W.3d 670 (Tex. Crim. App. 2006). Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 66. *Black v. State*, 217 S.W.3d 687 (Tex. App.—Eastland 2007, no pet.).

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

July 2, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.